IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sara Jane Jones-McNamara,    :

    Plaintiff,           :

  v.                          :     Case No.  2:13-cv-616

Holzer Health Systems,       :     JUDGE GREGORY L. FROST
                                          Magistrate Judge Kemp
    Defendant.           :

OPINION AND ORDER

    This is an employment case in which Plaintiff Sarah Jane Jones-McNamara alleges that her employment with Defendant Holzer Health Systems was terminated in breach of an employment contract and also as retaliation for her attempts to stop conduct which she believed was violating the False Claims Act.  She has now moved to compel answers to certain interrogatories or, alternatively, to prevent Holzer from producing evidence at trial which would add to or differ from its interrogatory answers. (Doc. 36).  The motion is fully briefed.  She has also filed a motion to compel production of documents (Doc. 37), which is likewise fully briefed.  For the following reasons, the Court will grant the first of these motions and deny the second as moot, subject to its renewal if live issues about the documents still exist.

I.  Interrogatories

    Ms. Jones-McNamara has moved to compel answers to six different interrogatories.  The first three can be grouped together.  Interrogatories two, three, and four asked Holzer to state who was involved in hiring Ms. Jones-McNamara (including what role each person played in that process), why Holzer decided

to terminate Ms. Jones-McNamara's employment, and who had input into that decision.  The answers given are similar.  Holzer identified only some of the people involved in the hiring and firing decisions and only some of the reasons for terminating Ms. Jones-McNamara's employment, but said that although there might have been additional people involved and additional reasons for its decisions, Ms. Jones-McNamara should take depositions to find out that information.  As Holzer states in its opposing memorandum (Doc. 41, at 4), "Plaintiff can obtain any additional detail she desires through deposition questioning, which is the appropriate and effective means for eliciting the information."

There are some situations where a party is justified in refusing to provide full and complete answers to interrogatories.  However, this is not one of them.  Generally, "[interrogatory] [a]nswers must be responsive, full, complete and unevasive."  Pilling v. General Motors Corp., 45 F.R.D. 366, 369 (D. Utah 1968).  Further, "[a] party may not defer answering or refuse to answer an interrogatory by suggesting that the information may be forthcoming during a deposition to be taken at a later date.  Such a response is a failure or refusal to answer the interrogatory."  Oleson v. Kmart Corp., 175 F.R.D. 570, 572 (D. Kan. 1997).  And "[w]hen an interrogatory asks for 'all' of anything, the responding party may not respond with examples.  The responding party must object to the interrogatory as overly burdensome or answer it in full."  Herdlein Technologies, Inc. v. Century Contractors, Inc., 147 F.R.D. 103, 106 (W.D.N.C. 1993).  If an objection is interposed based on an alleged undue burden, the objecting party must make "a specific showing, usually ... by affidavit, of why the demand is unreasonably burdensome."  McFadden v. Ballard, Spahr, Andrews, & Ingersoll, LLP, 243 F.R.D. 1, 11 (D.D.C. June 29, 2007).

Holzer's response to both the interrogatories in question

and the motion to compel runs afoul of these basic and well-established principles.  Holzer does not argue that it would be unduly burdensome to provide a full and complete answer to these relatively simple and straightforward questions - which are common inquiries in any employment case - nor has it produced any evidence in support of such an assertion.  When there is no valid reason for not answering an interrogatory or deferring the answer to a future deposition, the Court, although it has the power to prescribe "a discovery method other than the one selected by the party seeking the discovery," Rule 26(c)(1)(C), should not do so.  Simply put, in this case "good cause has not been shown to justify an alternative means of discovery," <u>Digan v. Euro-American Brands, LLC</u>, 2012 WL 668993, *5 (N.D. Ill. Feb. 29, 2012), and Holzer does not have the unilateral right to refuse to answer otherwise valid interrogatories just because it would prefer that Ms. Jones-McNamara ask the questions at a deposition instead.  That is not its choice.  It will be directed to answer in full interrogatories 2, 3, and 4.

  The second three interrogatories (interrogatories 6, 7, and 8) can also be grouped together.  According to the complaint, while employed (albeit briefly) by Holzer, Ms. Jones-McNamara determined that a company called Life Ambulance (and also known at various times by other names) had given ski jackets to and had held cookouts for Holzer staff members, and that, in return (at least in Ms. Jones-McNamara's view) that company was being favored in Holzer's use of ambulance services.  Ms. Jones-McNamara also believed, and said, that by this conduct Holzer was violating the federal Anti-Kickback statute, 42 U.S.C. § 1320a-7b(b), and she has pleaded, in Count Three, that her discharge was motivated in part by her efforts to stop this practice.

  Interrogatory six asked Holzer to describe anything of value which Life Ambulance contributed to Holzer employees from 2006 to

2010.  Interrogatories seven and eight asked about both contacts and contracts between Holzer, its employees, and Life Ambulance, including the names of both the Holzer employees and the Life Ambulance employees involved in those arrangements.  Holzer provided a small amount of information in response to interrogatory number six, objected to interrogatories seven and eight as overbroad, and generally argued that any information about events which predated Ms. Jones-McNamara's employment in 2010 was irrelevant.

   Holzer expands on its response in the memorandum in opposition.  Although attacking interrogatory six as vague and overbroad, it appears to acknowledge that the thrust of the question is to find out what free items or services were given by Life Ambulance to Holzer employees.  Holzer claims that it knows only of food at cookouts and jackets, and that it provided that information in response to the interrogatory.  It continues to object to answering the remaining two interrogatories on grounds that any False Claims Act violations which might have occurred before Ms. Jones-McNamara was hired can have no bearing on her claim that she was fired for uncovering that type of violation during her term of employment.  In her reply, Ms. Jones-McNamara does not directly address the relevance claim, although she states in her motion, in rather conclusory fashion, that information about the Life Ambulance situation "before, during, and after [her] tenure with Holzer is relevant and discoverable and must be provided."  Doc. 36, at 10.

   Because all of these interrogatories call for information about events which may have occurred as much as four years before Holzer hired Ms. Jones-McNamara, the Court must determine the proper scope of discovery about the Life Ambulance issue.  It does so while keeping in mind the fact that the Rules of Civil Procedure "authorize extremely broad discovery," Craig-Wood v.

Time Warner N.Y. Cable LLC, 2012 WL 1288753, *2 (S.D. Ohio Apr. 16, 2012), including "discovery ... 'relevant to any party's claim or defense ....'" Id., citing Fed.R.Civ.P. 26(b)(2).

    Fairly read, Ms. Jones-McNamara's complaint states that while employed by Holzer, she found out not only that current problems existed with respect to Life Ambulance, but that the problems were long-standing and involved repeated instances of giving things of value to Holzer employees, including cookouts and embroidered ski jackets.  It would be hard for her to explain to a jury her reaction to, and reports she made about, the Life Ambulance situation without being able to provide some evidence or explanation about why she considered the problems she saw to be of significance.  Similarly, given that she claims Holzer attempted to sweep these issues under the rug while she was employed there and continued that effort by firing her, the true extent and duration of Holzer's arrangements with Life Ambulance, and the totality of the free items offered and accepted, would help the jury understand if Holzer could have acted with that motive - that is, to understand exactly how important the relationship was to Holzer and to what lengths it might go to preserve it.  These are both reasons why the requested information is, at least for discovery purposes, relevant to both Ms. Jones-McNamara's claims and Holzer's defenses.

    Since the relevance objection is not well-taken, the Court must examine Holzer's answers to determine if they are full and complete.  As to interrogatory six, it appears that Holzer provided information only about events occurring after Ms. Jones-McNamara was hired, so it should provide similar information (if it has any) for prior years.  For interrogatories seven and eight, the Court understands Holzer's response to be that these are very broadly drafted and might include all types of irrelevant information.  In reply, Ms. Jones-McNamara has

narrowed her request to information about how the agreements with Life Ambulance and Holzer were negotiated, and has said she does not want to know about every patient-related service provided by Life Ambulance under the agreements. Construed that way, the interrogatories seem designed to uncover facts about the negotiation process and the people directly involved in that process - a proper inquiry and one which does not strike the Court as being unduly broad or burdensome. If the information Ms. Jones-McNamara is asking for is still unclear to Holzer, however, this is a matter about which counsel can and should confer, with the understanding that the Court has ruled that discovery as to negotiations and contracts which occurred or were entered into prior to 2010 is proper.

## II. <u>Document Requests</u>

The second motion to compel addresses Holzer's response to several sets of document requests. Holzer responded to most, if not all, of the requests by stating that it had no such documents. Ms. Jones-McNamara claims, however, that Holzer must have them because she had them and she left them at her workplace after her employment ended.

The Court is aware, from a number of telephone discovery conferences, that Holzer has now located and produced a large number of additional documents, including documents which were left behind by Ms. Jones-McNamara. That production has likely either mooted the issues raised in the motion to compel or significantly changed them. The Court will therefore deny the motion as moot, but if there are still issues relating to document production, Ms. Jones-McNamara is free to pursue them by way of either an informal conference or a renewed motion.

## III. <u>Order</u>

For these reasons, the motion to compel answers to interrogatories (Doc. 36) is granted. Holzer shall provide full

and complete answers to the interrogatories in question within fourteen days.  The motion to compel further document production (Doc. 37) is denied as moot.

### IV.  Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge