```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Sara Jane Jones-McNamara,           :
      Plaintiff,             :    Case No. 2:13-cv-616
                             :    JUDGE GREGORY L. FROST
  v.                               :    Magistrate Judge Kemp
Holzer Health Systems,              :
      Defendant.             :

## OPINION AND ORDER

The background of this case is set forth in other orders of the Court and will not be repeated here in detail. For purposes of this motion, it suffices to say that Plaintiff Sara Jane Jones-McNamara claims that Defendant Holzer Health Systems terminated her employment in retaliation for her having uncovered violations of the federal Anti-Kickback law, and also in violation of Ohio law. Holzer has filed a motion entitled "Defendant's Motion to Compel Testimony or Exclude Testimony of Roger McNamara, Plaintiff's Spouse" (Doc. 57). The motion is fully briefed. For the following reasons, it will be denied.

### I.

The current motion arises out of the deposition, noticed and taken by Holzer, of Roger McNamara, Ms. Jones-McNamara's husband. Mr. McNamara had been listed by Ms. Jones-McNamara as someone who "might" be called as a witness, and she had also identified him as someone with knowledge about some of her claims. He was deposed on July 31, 2014; the transcript of that deposition is Doc. 68.

During that deposition Mr. McNamara was instructed not to answer questions about conversations he had with his wife on any subjects except Ms. Jones-McNamara's claim for emotional damages and her reasons for accepting a position at Holzer. His attorney

(who is also representing Ms. Jones-McNamara) made it clear early in the deposition that Ms. Jones-McNamara was waiving any marital communication privilege only as to those areas and stated that "I don't want his testimony about their communications to be taken as a total waiver of the spousal privilege."  Doc. 68, Tr. 18.  Holzer's position, stated at the deposition and made clear in its motion, was that "You're voluntarily offering him as a witness.  You can't pick and choose what you're going to waive or what you're not."  Id. at 21.  Mr. McNamara subsequently refused, on advice of counsel, to answer questions about what Ms. Jones-McNamara told him about her termination (Tr. 23-26, 35) and about the proposed separation agreement (Tr. 38).  Similar objections appear elsewhere in the transcript.

In its motion, Holzer asks the Court to direct Mr. McNamara to answer these questions or, alternatively, to strike his name from the witness list.  Citing to Ohio statutory and case law, see, e.g., State v. Savage, 30 Ohio St. 1 (1987), it argues that once a spouse is called to testify or listed as a witness, "the spousal privilege is then waived ...."  Doc. 57, at 3-4.

II.

The issue raised by Holzer's motion is whether, if one spouse lists the other as a potential witness, identifies certain subjects about which that spouse might testify, and permits the spouse to be deposed on those subjects, that constitutes a complete waiver of any spousal privilege which might otherwise apply.  Holzer claims it does; Ms. Jones-McNamara asserts otherwise.

As Ms. Jones-McNamara correctly points out, historically, the law has recognized two separate spousal privileges.  The first is a testimonial privilege, meaning that it prevents one spouse from being called involuntarily to testify against the other.  Whatever the contours of that privilege are currently,

Ms. Jones-McNamara specifically disavows any reliance on it, so the Court need not discuss it further. It is the other marital privilege - the one which protects private communications between spouses - which is at issue here.

Matters of privilege are, of course, governed by the law applicable to the plaintiff's claims. Where only state law claims are asserted, state law governs. Fed.R.Evid. 501. However, when both types of claims are present in a case (and they are here), the Court must apply federal law. Hancock v. Dodson, 958 F.2d 1367 (6th Cir. 1992).

The marital communications privilege is recognized by federal common law. See, e.g., United States v. Robinson, 763 F.2d 778 (6th Cir. 1985)(applying the marital communications privilege in a criminal prosecution brought under federal law); see also Procter & Gamble Co. v. Bankers Trust Co., 909 F.Supp. 525, 526 (S.D. Ohio 1995) ("Federal common law provides that there are two marital privileges — the adverse testimony privilege and the confidential communications privilege"). The marital communications privilege goes not to whether a spouse can be called to provide testimony against the other spouse, but to whether there are certain matters which are off-limits to litigation opponents notwithstanding the spouse's voluntary decision to act as a witness in the case. A good working definition of the privilege is this: it "prohibits the compelled disclosure, in civil and criminal cases, of confidential communications from one spouse to another." Andrews v. Holloway, 256 F.R.D. 136 (D.N.J. 2009). It covers only communications or "conduct and expressions intended to be a communication" - that is, it does not apply to acts which have no communicative aspect to them. Robinson, 763 F.2d at 783.

Holzer's argument, stripped to its essentials, is that once the testimonial privilege is waived, the marital communications

privilege is also waived; or, alternatively, that once the communications privilege is waived for any marital conversation, it is waived as to all of them. Neither proposition is correct.

As far as the first argument is concerned, common sense dictates that a spouse can be called to testify, or listed as a witness, in a way that voids the testimonial privilege, without thereby waiving the communication privilege.  If that were not true, the marital communication privilege would never come into play.  If the spouse did not testify at all, there would be no need for a separate privilege for marital communications; conversely, if the simple act of testifying waived both privileges simultaneously, the communications privilege would provide no protection, rendering the distinction between testimony about acts (which is not privileged) and testimony about communications (which is privileged) meaningless.  As the Wyoming Supreme Court held, "[i]f the party spouse refuses to waive the confidential marital communication privilege, the witness spouse cannot testify [about confidential communications] even if he or she waives the spousal immunity privilege" because "the spouse against whom confidential marital communications are offered must [also] waive the confidential marital communication privilege before the witness spouse can testify regarding those confidential marital communications." Curran v. Pasek, 866 P.2d 272, 277 (Wyo. 1994).

A waiver of the marital communications privilege can occur if the spouse claiming the privilege herself discloses, or allows the other spouse to disclose, the contents of a particular marital communication.  Then, however, the waiver is limited; while it applies to "all communications on the same subject matter," it does not constitute a waiver as to all marital communications of any type. Knepp v. United Stone Veneer, LLC, 2007 WL 2597936, *5 (M.D. Pa. Sept. 5, 2007).  As the court

-4-

stated in Lien v. Wilson & McIlvaine, 1988 WL 87067, *2 (N.D. Ill. Aug. 12, 1988), "[w]hen a party freely and voluntarily discloses that it had some privileged confidential conversations, the party cannot assert the privilege as grounds for refusing to identify other occasions when *the same subject matter* was discussed confidentially" (emphasis supplied).  In that regard, the marital communications privilege is similar to the attorney-client privilege, which is also subject to waiver through voluntary disclosure of a privileged communication; but the scope of that waiver is also limited to questions which "clearly pertain to the subject matter of the specific points on which a waiver did occur."  In re Grand Jury Proceedings Oct. 12, 1995, 78 F.3d 251, 256 (6th Cir. 1996).

In its reply memorandum, Holzer argues that Mr. McNamara may well have relevant testimony to offer on other subjects than the ones he was permitted to testify about.  Even if that is true, the examination of him on those subjects is limited to matters which are not private communications between himself and his wife; relevance does not trump privilege.  Although Holzer correctly notes that the cases cited in Ms. Jones-McNamara's opposing memorandum, particularly City of Mason v. Molinari, 2007 WL 2917209 (Warren Co. App. Oct. 9, 2007), are not particularly helpful to her arguments, Holzer fails to cite a single case either in its motion or in the reply supporting its position that disclosing an otherwise privileged marital communication about one subject constitutes a waiver of the privilege with respect to all subjects.  The case law cited above, which construes either the federal common law privilege or state law versions of it which are similar, holds that waiver of the marital communications privilege can, indeed, be limited to specific subject matters, and that is the law.

It is important to note here that Holzer has not argued that

-5-

any of the subject matters about which Mr. McNamara was instructed not to answer constituted the same subject matter as the areas about which he was permitted to testify.  Consequently, that issue is not currently before the Court.  As the record now stands, and based on the manner in which Holzer has argued the issue, there is no basis for granting either prong of its motion - to require Mr. McNamara to answer the questions posed, or to exclude his testimony entirely.  However, should Mr. McNamara be called as a witness at trial, Holzer may request the trial judge to determine the breadth of the waiver of the marital communications privilege which results from any testimony Mr. McNamara gives concerning conversations with his wife.  Such a determination will control whether any additional questions Holzer poses to him fall within the scope of that waiver.

IV.

For the above reasons, the Court denies Defendant's Motion to Compel Testimony or Exclude Testimony of Roger McNamara, Plaintiff's Spouse (Doc.  57).

V.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the

Magistrate Judge or District Judge.   S.D. Ohio L.R. 72.3.

                                         /s/ Terence P. Kemp
                                         United States Magistrate Judge