```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION

Sara Jane Jones-McNamara,      :
        Plaintiff,             :    Case No.  2:13-cv-616
                               :    JUDGE GREGORY L. FROST
    v.                         :    Magistrate Judge Kemp
Holzer Health Systems,         :
        Defendant.             :
```

OPINION AND ORDER

The background of this case is set forth in other orders of the Court and will not be repeated here in detail.  For purposes of this motion, it suffices to say that Plaintiff Sara Jane Jones-McNamara claims that Defendant Holzer Health Systems terminated her employment in retaliation for her having uncovered violations of the federal Anti-Kickback law, and also in violation of Ohio law.  Holzer has filed a motion entitled "Defendant's Motion to Compel Testimony of Plaintiff's Psychiatrist's Records, Deposition Testimony of Both the Psychiatrist and Plaintiff, or in the Alternative, to Exclude Testimony Related to Plaintiff's Emotional Damages" (Doc. 58). The motion is fully briefed.  For the following reasons, it will be granted in part and denied in part.

I.

The current motion arises out of the deposition, noticed and taken by Holzer, of Roger McNamara, Ms. Jones-McNamara's husband. Mr. McNamara had been listed by Ms. Jones-McNamara as someone who "might" be called as a witness.  According to Holzer, Ms. Jones-McNamara had also identified him as someone with information about the damages and emotional distress she suffered as a result of Holzer's alleged conduct.  He was deposed on July 31, 2014; the transcript of that deposition is Doc. 68.

According to Holzer, during his deposition, Mr. McNamara testified that, following her termination from Holzer, Ms. Jones-McNamara sought treatment for depression from a psychiatrist in Virginia. Holzer contends that this testimony directly contradicts Ms. Jones-McNamara's answers to Interrogatory Nos. 11 and 12. These interrogatories, with accompanying answers, stated as follows:

>Interrogatory No. 11: If any of the damages which you allege in your Complaint include any damages for a medical, psychological and/or psychiatric condition, state whether you have sought any medical, emotional, psychological and/or psychiatric treatment, care or counseling within the past ten years.
>
>Answer: Not applicable.
>
>Interrogatory No. 12: If your answer to Interrogatory No. 11 is affirmative, identify all treating physicians and/or hospitals from which you sought treatment for your physical or mental conditions and the dates of such treatment.
>
>Answer: Not applicable.

Holzer's position, set forth here without editorial flourishes, is that Mr. McNamara's testimony provides evidence "beyond short term embarrassment and humiliation" or the "garden variety" emotional distress damages. Holzer asserts this testimony puts Ms. Jones-McNamara's emotional state "at issue" in this case, constitutes a waiver of the psychotherapist-patient privilege, and entitles Holzer to discovery, including access to Ms. Jones-McNamara's medical records and the ability to depose her psychiatrist.

In support of its position, Holzer relies heavily on the recent decision in <u>Langenfeld v. Armstrong World Industries, Inc.</u>, 299 F.R.D. 547 (S.D. Ohio 2014) (Frost, J.). In that case, the Court granted a motion to compel the production of the plaintiff's medical records. The Court found that, by claiming

-2-

damages for emotional distress, the plaintiff had put her mental state at issue under the precedent set forth in Maday v. Public Libraries of Saginaw, 480 F.3d 815, 821 (6th Cir. 2007), and that information related to other stressors in the plaintiff's life was relevant.  In the Langenfeld Court's view, the plaintiff's deposition testimony of ongoing sleep deprivation was an allegation of a specific mental or psychiatric injury or disorder, beyond short-term embarrassment or humiliation, and under Maday that testimony waived the psychotherapist-patient privilege.  Langenfeld, 299 F.R.D. at 553.  The Court was unpersuaded by the plaintiff's characterization of her emotional distress damages as "garden variety."

Holzer contends that Ms. Jones-McNamara's condition as described by her husband is more analogous to a traditional, ongoing claim for emotional injury as the Court found in Langenfeld with respect to ongoing sleep deprivation.  Because this is so, Holzer contends, sources of stress that may have contributed to her condition are relevant and, consistent with Langenfeld, Ms. Jones-McNamara has waived the psychotherapist-patient privilege.  Consequently, through its motion, Holzer seeks an order compelling Ms. Jones-McNamara to execute a medical authorization and release for her psychiatric records and permitting the deposition of her treating psychiatrist and additional deposition questioning of Ms. Jones-McNamara on the issue of her emotional distress damages.  Alternatively, Holzer requests that Ms. Jones-McNamara be precluded from presenting any evidence on emotional distress damages.

In response, Ms. Jones-McNamara initially contends that Holzer's motion should be denied because Holzer did not comply with this Court's Local Civil Rule 37.1 requiring attempted extrajudicial means of resolution prior to filing a discovery motion.  More substantively, Ms. Jones-McNamara asserts that, as

she already has confirmed in writing for Holzer, she is not claiming special damages for emotional distress and, therefore, has put neither her mental health, nor any other medical condition, at issue.  Ms. Jones-McNamara distinguishes the circumstances of her case from those before the Court in <u>Langenfeld</u> by noting that she has not testified about any ongoing or long term emotional distress resulting from Holzer's alleged conduct.  While acknowledging her husband's testimony regarding her depression, she notes that he is not her agent, her attorney or a doctor and has no independent claim for damages arising from his observation of her condition.  Further, relying on <u>Langenfeld</u> for guidance regarding "garden variety" emotional distress, Ms. Jones-McNamara clarifies that she is seeking damages only "for short-term embarrassment and humiliation, and for pain [and] suffering that is limited to short-term, negative feeling of being upset."  <u>See</u> Plaintiff's Opposition (Doc. 64), at 5.

    Ms. Jones-McNamara also contends that the information to which Holzer now claims entitlement was not addressed by Interrogatory Nos. 11 and 12.  She stands by her answers as provided, reiterating that she is not seeking any damages for any medical, psychological and/or psychiatric condition and will not attempt to introduce evidence of such damages.  Ms. Jones-McNamara observes that, because Holzer cannot rely on these interrogatories as support for its motion, its desire to obtain access to her medical history reveals another intention - "to conduct a fishing expedition into [her] medical background in the hopes of finding something it may use to discredit her as a person and as a compliance officer."

    In concluding her response, Ms. Jones-McNamara proposes the following resolution: she agrees to limit any evidence regarding pain, suffering, and humiliation to short term negative feelings, as clarified in <u>Langenfeld</u>.  Alternatively, Ms. Jones-McNamara

states that she is willing, as the Court deems appropriate, to limit such evidence to short term humiliation or to exclude any such evidence in total.

Apparently unimpressed by Ms. Jones-McNamara's proposed resolution and her concessions concerning the nature of her emotional distress claim, Holzer filed a reply. Prior to filing its reply, Holzer was granted leave to resume Ms. Jones-McNamara's deposition for two additional hours. Most of the reply consists of Holzer's use of Ms. Jones-McNamara's deposition testimony to speculate at some length on Ms. Jones-McNamara's character and motivations, speculation which is not particularly helpful to the Court. To the extent that Holzer sets forth a substantive discussion in reply, it contends that Ms. Jones-McNamara's testimony during this additional time further supports its right to the requested discovery.

According to Holzer, Ms. Jones-McNamara testified that she was feeling depressed immediately after her termination, that she had seen a neurologist for migraines following her termination, and that she had seen her doctor for coping with the stress of her termination. Holzer states that Ms. Jones-McNamara's counsel explained that her neurologist is also a psychiatrist. Holzer further asserts that Ms. Jones-McNamara testified that she is taking medication for anxiety and depression. Based on this testimony, Holzer argues that Ms. Holzer "was absolutely required to disclose" these conditions in response to Interrogatory No. 11. Holzer has attached the portion of Ms. Jones-McNamara's deposition transcript containing such testimony.

Holzer dismisses Ms. Jones-McNamara's suggested resolution of limiting any evidence regarding pain and suffering to short term negative feelings. It contends that, even if Ms. Jones-McNamara's evidence is so limited, it still has the right to examine other stressors in her life and needs such information to

prepare a meaningful cross-examination. Holzer also suggests that, because Ms. Jones-McNamara voluntarily provided her husband as a witness, she is bound by his deposition testimony regarding his observations of her condition. Holzer again relies squarely on the <u>Langenfeld</u> decision for its position that it is entitled to discovery regarding Ms. Jones-McNamara's medical conditions.

Finally, Holzer contends that it satisfied its burden with respect to seeking the extrajudicial resolution of this matter.

## II.

Briefly, at the outset, the Court will not deny Holzer's motion on grounds of its noncompliance with Local Civil Rule 37.1. Rather, the exhibits attached to Holzer's motion, viewed in light of the Court's familiarity with the tone of discovery in this case to date, satisfies the Court that extrajudicial means of resolution were attempted to the extent possible.

Turning to Holzer's motion, it requires only minimal discussion as well, Holzer's overwrought framing of the issue notwithstanding. That is, there is no need for the Court to undertake a lengthy analysis under <u>Langenfeld</u> or otherwise.

As this Court has previously explained, where a plaintiff is willing to stipulate that embarrassment and humiliation did not continue for any length of time beyond the date of termination or cause any emotional distress thereafter, other stressors, whether revealed in records of medical treatment, or elsewhere, are completely irrelevant. <u>See</u> <u>Kennedy v. Cingular Wireless, LLC</u>, 2007 WL 2407044, (S.D. Ohio August 20, 2007). Further, the Court in <u>Langenfeld</u> acknowledged that where plaintiffs have limited their emotional distress claims to short-term embarrassment, humiliation, and other negative emotions, courts typically have concluded that the plaintiffs have not put their mental states "at issue" in a way that waives the privilege. <u>See</u> <u>Langenfeld</u>, 299 F.R.D. at 552 (citing cases). Ms. Jones-McNamara has offered

to do precisely that.  As the plaintiff, she controls the nature of her claim.  Her well-documented willingness to agree to a limitation distinguishes this situation from that in Langenfeld where the Court was unwilling to rely simply on the plaintiff's characterization in an interrogatory response of her emotional distress claim as "garden variety."  Consequently, the motion to compel will be denied to the extent that it seeks medical authorization for the release of Ms. Jones-McNamara's psychiatric records, a deposition of her treating psychiatrist and additional deposition questioning of her regarding these issues.

As noted, Ms. Jones-McNamara is willing to stipulate to a limitation on her evidence which is more in line with the alternative request in Holzer's motion that she be precluded from presenting any evidence on emotional distress damages.  Holzer, however, neither explains nor provides any support for its broadly-worded request for exclusion.  Further, the Court notes that evidence relating to damages for embarrassment and humiliation is generally allowed.  See, e.g., O'Barr v. United Parcel Service, 2013 WL 2635539 (E.D. Tenn. June 12, 2013); Butler v. Rue 21, Inc., 2011 WL 1484151 (E.D. Tenn. April 19, 2011).  Consequently, Holzer's motion will be granted to the following extent.  Ms. Jones-McNamara will be limited in her proof of emotional distress to a showing that she personally experienced the type of embarrassment or humiliation that would normally accompany the termination of employment, without reference to any diagnosable mental conditions or medical treatment.

IV.

For the above reasons, the Court grants in part and denies in part Defendant's Motion to Compel Discovery of Plaintiff's Psychiatrist's Records, Deposition Testimony of both the Psychiatrist and Plaintiff, or in the Alternative to, to Exclude

Testimony Related to Plaintiff's Emotional Damages (Doc. 58). The motion is denied to the extent it seeks an order compelling plaintiff to execute a medical authorization and release, to the extent it seeks permission to depose plaintiff's treating psychiatrist, and to the extent it seek permission to undertake additional deposition questioning of plaintiff on the issue of emotional damages.

The motion is granted to the extent that plaintiff's proof of emotional distress is limited as set forth above.

V.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge