UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


SARA JANE "SALLY" JONES-MCNAMARA,

      Plaintiff,

                                    Case No. 2:13-cv-616

    v.                               JUDGE GREGORY L. FROST
                                      Magistrate Judge Terence P. Kemp

HOLZER HEALTH SYSTEMS, INC.,

      Defendant.


## ORDER

On October 7, 2014, the Magistrate Judge filed an Opinion and Order in which he granted in part and denied in part a motion to compel filed by Defendant that sought either to obtain access to Plaintiff's medical records and to depose Plaintiff and her psychiatrist, or, alternatively, to exclude testimony related to Plaintiff's claim for emotional damages.  (ECF No. 94.)  The Magistrate Judge denied access to the medical records and denied the requests for depositions, but stated that Plaintiff "will be limited in her proof of emotional distress to a showing that she personally experienced the type of embarrassment or humiliation that would normally accompany the termination of employment, without reference to any diagnosable mental conditions or medical treatment."  (*Id.* at Page ID # 4404.)

Defendant objects to the Magistrate Judge's decision.  The matter is now before this Court for consideration of Defendant's motion for reconsideration/objection (ECF No. 107), Plaintiff's memorandum in opposition (ECF No. 114), and Defendant's reply memorandum (ECF No. 116).

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's

order on nondispositive matters.  The district judge must consider those objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  "Review under Rule 72(a) provides 'considerable deference to the determinations of magistrates.' " *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (quoting 7 Moore's Federal Practice ¶ 72.03).  Despite this considerable deference, the Court disagrees with the Magistrate Judge's disposition of the medical evidence issue.

Accepting a proposal suggested by Plaintiff, the Magistrate Judge attempted to parse a line between what he described as "garden variety" emotional distress damages and more serious, ongoing emotional distress damages.  But this Court finds such a fine distinction unworkable where, as here, the record suggests that other stressors may inform a plaintiff's emotional state and her related damages claims.

Plaintiff  testified in her second deposition that she did not know whether migraines that she suffered and treatment she received were related to her termination, but she indicated that she believes the migraines were.  (ECF No. 71-1, at Page ID # 2287, 2290.)  Plaintiff also testified that she has had migraines off and on since the seventh grade.  (*Id.* at Page ID # 2290.)  Moreover, when asked whether she saw her doctor for any other condition related to her termination, Plaintiff testified that she had seen the doctor for [c]oping with a stressful situation." (*Id.*)  Plaintiff declined to answer whether she was on medication as a result, but she did testify that she is "on a customized very low maintenance dose of bupropion and Klonopin and Busbar for anxiety."  (*Id.* at Page ID # 2293-94.)

Such testimony introduces the possibility that other stressors or conditions in Plaintiff's life may have affected her reaction to her termination, which renders her medical records and the

other discovery sought relevant. *See Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 550 (S.D. Ohio 2014). To conclude otherwise ignores the reality that Plaintiff's testimony undercuts her assertion that she is pursuing only "garden variety" emotional distress damages. Additionally, Plaintiff's reliance on semantics in saying that she saw a doctor to cope with the stress of her termination while she is on anti-anxiety medications does not evade that she may be alleging a specific psychiatric injury or disorder, however much she wants to characterize it as only "garden variety." The discovery sought is thus relevant under Federal Rule of Civil Procedure 26(b)(1), much of the information sought is not privileged, and to the extent that privilege applies, Plaintiff's emotional distress claim and her testimony have put her emotional state at issue and waive the privilege. *Langenfeld*, 299 F.R.D. at 550-53.

As in *Langenfeld*, "[i]t would be fundamentally unfair to allow Plaintiff to assert that Defendant's actions caused her mental distress, but not allow Defendant to explore another stressor that all parties agree was present at or around the same time." *Id.* at 554. The Court therefore **GRANTS** Defendant's motion for reconsideration, finds the objections well taken, and sets aside the Magistrate Judge's October 7, 2014 Opinion and Order. (ECF No. 107.)

This outcome is subject to a qualification that means that Defendant does not necessarily obtain the relief requested in its motion. In her briefing, Plaintiff states that she was willing to abandon her emotional damages claim entirely if the Court orders the discovery that Defendant seeks, and it appears that she continues to hold that position. This Court accepts that representation and deems all emotional damages sought by Plaintiff abandoned. This likely resolves the issue of emotional damages.

If, however, Plaintiff does in fact not wish to abandon such damages, then Plaintiff must

3

notify this Court and Defendant within seven days of the date of filing of this Order if she intends to pursue emotional distress damages.  If Plaintiff intends to pursue emotional distress damages, then the Court **ORDERS**:

(1) Plaintiff must execute all necessary releases enabling Defendant to obtain her relevant medical records and otherwise assist Defendant in obtaining such records;

(2) Defendant is permitted to depose Plaintiff's treating physicians as requested;

(3) Defendant is permitted to depose Plaintiff on only the emotional distress issue and relevant medical information; and

(4) if Plaintiff thinks that Defendant seeks medical information from doctors or mental health providers that exceeds the scope described herein, Plaintiff shall contact the undersigned for a conference as soon as possible so that the issue can be promptly resolved.

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE